UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:14-cr-00011-JPH-CMM |
| | ) | |
| MARCUS PIZZOLA, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**AMENDED ENTRY GRANTING MOTIONS FOR COMPASSIONATE RELEASE**

Defendant Marcus Pizzola requests compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Dkts. 118, 125. Mr. Pizzola asks the Court to reduce his sentence to time served. In response to Mr. Pizzola's motions, the United States initially filed a stipulation in which it stated that "having considered the unique circumstances presented in the defendant's motion and the factors set forth in Title 18, United States Code, Section 3553(a), the government does not oppose the defendant's motion." Dkt. 128. Thereafter, the Court received information suggesting that Mr. Pizzola had incurred recent disciplinary infractions relevant to his motions. Dkt. 131. The Court stayed its order granting Mr. Pizzola's release and ordered supplemental briefing. Dkt. 132. In its supplemental briefing, the United States now opposes Mr. Pizzola's release due to his failed drug tests and expulsion from the prison's Residential Drug Abuse Program. Dkt. 137. The Court has considered the circumstances surrounding the recent infractions. *See* dkt. 132. For the reasons stated below, the Court's

1

previously imposed stay, dkt. 132, is lifted and the BOP shall release Mr. Pizzola as detailed in this order.[1]

## I. Background

In 2015, Mr. Pizzola pled guilty to one count of conspiracy to possess with intent to distribute and distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 & 841(a)(1). Dkts. 55, 56. The Court sentenced him to 132 months of imprisonment, to be followed by a 5-year term of supervised release. According to the Bureau of Prisons' inmate database, Mr. Pizzola's projected release date (including good time credit) is now August 2, 2023. https://www.bop.gov/inmateloc/ (last visited May 9, 2023).

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)][2] to the extent that they are applicable," if it finds that

---

[1] The Court's prior orders granting Mr. Pizzola's motions, dkts. 129, 130, are hereby **vacated**.

[2] The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

2

there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Pizzola is seeking immediate release in order to care for his 16-year-old daughter. According to records and a declaration provided by Mr. Pizzola, his minor daughter has been in the custody of his parents. Dkt. 125-1. Recently, both of Mr. Pizzola's parents passed away. *Id.* Mr. Pizzola states that he is the only available caretaker for his daughter and if he is not released, the Department of Child Services may place her in foster care. *Id.* The United States does not dispute that the need to care for Mr. Pizzola's daughter is an extraordinary and compelling reason potentially warranting compassionate release in this case.[3]

Mr. Pizzola is 44 years old, has a plan to obtain employment and has a place for both his daughter and him to live if he is released because he has

---

[3] The United States also does not argue that the defendant failed to exhaust his administrative remedies. Therefore, any argument as to exhaustion is waived. *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020); *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021).

3

inherited his parents' home. Dkt. 125 at 7; dkt. 118 at 4. Mr. Pizzola has three prior felonies, which are all more than a decade old and none of them involved violence. Dkt. 47. At this juncture, Mr. Pizzola has served more than 97% of his sentence and is scheduled to be released in less than three months.

The Court has considered that Mr. Pizzola recently tested positive for buprenorphine and norbuprenorphine and was expelled from the Residential Drug Abuse Program (RDAP). Dkts. 137-2, 137-3, 137-4. Still, he has completed 40 hours of substance abuse treatment through RDAP, dkt. 125 at 7, and acknowledges that he needs continued treatment. Dkt. 139 at 3. To that end, the assigned probation officer can tailor substance abuse treatment programming and testing to meet Mr. Pizzola's ongoing needs.  Mr. Pizzola has served a lengthy term of incarceration for his offense. On balance, it is in the interests of justice for him to have the opportunity to care for his daughter. The potential of revocation of supervised release and  return to the BOP—thereby putting his daughter's future again in peril—will be additional incentive for Mr. Pizzola to stay drug-free.

For these reasons, the Court finds that extraordinary and compelling reasons warrant a sentence reduction to time served, that the § 3553(a) factors support a reduction of Mr. Pizzola's sentence to time served, and that his release from his term of imprisonment in this case is consistent with the Sentencing Commission's applicable policy statements.

### III. Conclusion

Accordingly, the Court **lifts** its previously imposed stay, dkt. [132] and **vacates** its prior orders granting Mr. Pizzola's motions for compassionate release, dkts. [129], [130]. For the reasons stated above, the Court **GRANTS** Mr. Pizzola's motions for compassionate release, dkts. [118], [125], and [138]. The Court **ORDERS** that Mr. Pizzola's sentence of imprisonment be reduced to **time served.** The term of supervised release remains 5 years. The terms of supervised release stated in the Judgment imposed on June 30, 2015, dkt. 56, remain in full force and effect.

This Order is stayed for up to **7 days**, to make appropriate travel arrangements and to ensure Mr. Pizzola's safe release. The BOP shall release Mr. Pizzola as soon as appropriate travel arrangements are made and it is safe for Mr. Pizzola to travel. There shall be no delay in ensuring travel arrangements are made. If more than 7 days are needed to make appropriate travel arrangements and to ensure Mr. Pizzola's safe release, the parties shall immediately notify the Court and show cause why the stay should be extended.

No later than **12:00 p.m. (Terre Haute time) on May 10, 2023**, counsel for the United States is ordered to do the following: (1) transmit this Order to the defendant's custodian; and (2) file a notice with the Court confirming that transmission of this Order has occurred.

**SO ORDERED.**

Date: 5/9/2023

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel